**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

ANTHONY LASHAWN JAMISON, )
)
    Plaintiff, )
)      CIVIL ACTION
v. )      FILE NO.
)
GWINNETT COUNTY POLICE )
DEPARTMENT; JAMES D. )
MCCLURE, in his official and )
individual capacities; and M. LAU, )
in his official and individual )
capacities, )
)
    Defendants. )

**<u>NOTICE OF REMOVAL</u>**

COMES NOW Defendant James D. McClure, Chief of the Gwinnett County

Police Department, and, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, files this

Notice of Removal within the time prescribed by law and respectfully shows the

Court the following:

1.

On or about October 31, 2025, Plaintiff filed his Complaint against the above-

named Defendants in the Superior Court of Gwinnett County.

2.

On December 5, 2025, a process server unsuccessfully attempted to serve Defendant M. Lau and the Gwinnett County Police Department at Gwinnett County Police Department Headquarters, 770 Hi-Hope Road, Lawrenceville, Georgia 30043. The process server was advised to contact the department's court liaison officer, whose office is located at 75 Langley Drive, Lawrenceville, Georgia 30046.

3.

On December 8, 2025, a process server served Chief McClure with a copy of the Summons and Complaint at Gwinnett County Police Department Headquarters, 770 Hi-Hope Road, Lawrenceville, Georgia 30043, by serving Lisa Jones. Ms. Jones serves as the department's legal advisor and is authorized to accept service of civil process on Chief McClure's behalf.

4.

On December 8, 2025, a process server unsuccessfully attempted to serve Defendant M. Lau and the Gwinnett County Police Department at Gwinnett County Police Department Headquarters, 770 Hi-Hope Road, Lawrenceville, Georgia 30043, by delivering the service papers to Lisa Jones. The process server was advised to contact the department's court liaison officer, whose office is located at 75 Langley Drive, Lawrenceville, Georgia 30046.

5.

On December 11, 2025, a process server unsuccessfully attempted to serve Defendant M. Lau and the Gwinnett County Police Department at the Gwinnett County Sheriff's Office's civil service division and the Gwinnett County Police Department's court liaison officer at 75 Langley Drive, Lawrenceville, Georgia 30046. Both advised the process server that they are not authorized to accept service on behalf of the Gwinnett County Police Department or its individual officers.

6.

On December 16, 2025, a process server unsuccessfully attempted to serve Defendant M. Lau at Gwinnett County Police Department Headquarters, 770 Hi-Hope Road, Lawrenceville, Georgia 30043. The process server was advised to go to 800 Hi-Hope Road, Lawrenceville, Georgia 30043, in order to speak with an investigator who may be able to assist. As of the date of this Notice of Removal, neither Defendant M. Lau nor the Gwinnett County Police Department have been properly served with process.[1]

---

[1] It is well-settled that a police department is not a proper party to a lawsuit because it is not an entity capable of being sued. The Georgia Supreme Court has explained that "in every suit there must be a legal entity as the real plaintiff and the real defendant." *Georgia Insurers Insolvency Pool v. Elbert County*, 258 Ga. 317, 318 (1988). Following this precedent, the Georgia Court of Appeals, as well as the Eleventh Circuit and federal district courts, have determined that a police department is not a legal entity capable of being sued. *E.g.*, *Myers v. Clayton County District*

7.

The entire state court record is attached hereto collectively as Exhibit A, including all process and pleadings.

8.

This Notice of Removal is filed within thirty days of service of Plaintiff's Complaint upon Chief McClure.

9.

Although Defendant M. Lau has not yet been properly served, undersigned counsel represent him and certify that he consents to the removal of this action. To the extent that the Gwinnett County Police Department can consent to removal, understanding that it is not an entity capable of being sued, undersigned counsel certify that it too consents to removal of this action.

---

*Attorney's Office*, 357 Ga. App. 705, 709 (2020); *Lovelace v. DeKalb Central Probation*, 144 Fed. App'x. 793, 795 (11th. Cir. 2005) (the DeKalb County Police Department is not a legal entity subject to suit); *Dean v. Barber*, 952 F.2d 1210, 1214-15 (11th Cir. 1992) (affirming the dismissal of a lawsuit against the Jefferson County Sheriff's Department, recognizing the general rule that subdivision of county governments, including police departments, are not legal entities subject to suit); *Bunyon v. Burke County*, 285 F. Supp. 2d 1310, 1328-29 (S.D. Ga. 2003) (a municipal police department is not subject to direct suit).

10.

Plaintiff brings his federal claims pursuant to 42 U.S.C. § 1983, alleging that the above-named Defendants violated his rights which are guaranteed under the Fourth and Fourteenth Amendments to the United States Constitution, including his rights to be free from unlawful search and seizure and excessive force, as well as his right to due process. Thus, Plaintiff's claims are those over which this Court has original jurisdiction.

11.

Plaintiff brings additional state law claims for assault, battery, false imprisonment, and intentional infliction of emotional distress. Pursuant to 28 U.S.C. § 1441(c), because this action includes claims arising under the Constitution and the laws of the United States, the entire action may be removed.

12.

Pursuant to 28 U.S.C. § 90(a)(2), the United States District Court for the Northern District of Georgia, Atlanta Division, is the district court having jurisdiction over the geographical area where the state court action is pending. Pursuant to 28 U.S.C. § 1446(a), Chief McClure is entitled to remove this action from the Superior Court of Gwinnett County to this Court.

13.

Chief McClure has provided written notice of the filing of this Notice of

Removal to Plaintiff and the Clerk of Court for the Superior Court of Gwinnett

County, a copy of which is attached hereto as Exhibit B.

14.

Based on the foregoing, Chief McClure respectfully requests that this Court

allow removal and assert jurisdiction over the state court action.

Respectfully submitted this 7th day of January, 2026.

/s/ Rachel R. Sinclair
BRIAN R. DEMPSEY
Deputy County Attorney
Georgia Bar No. 217596
Brian.Dempsey@gwinnettcounty.com
RACHEL R. SINCLAIR
Senior Assistant County Attorney
Georgia Bar No. 620586
Rachel.Sinclair@gwinnettcounty.com

Attorneys for Defendant James D.
McClure

Gwinnett County Department of Law
75 Langley Drive
Lawrenceville, Georgia 30046-6935
(770) 822-8700

6

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing NOTICE

OF REMOVAL to the Clerk of Court using the CM/ECF system, and I certify that I

have served the same by United States Mail, proper postage prepaid, addressed to

the following non-CM/ECF participant:

Anthony Lashawn Jamison
1349 W. Peachtree Street
Suite 1910
Atlanta, Georgia 30309

This 7th day of January, 2026.

/s/ *Rachel R. Sinclair*
RACHEL R. SINCLAIR
Senior Assistant County Attorney
Georgia Bar No. 620586
Rachel.Sinclair@gwinnettcounty.com

Attorney for Defendant James D.
McClure

Gwinnett County Department of Law
75 Langley Drive
Lawrenceville, Georgia 30046-6935
(770) 822-8700